This case in its present aspect is on rule to show cause why a receiver of the defendant company should not be appointed and an injunction granted. A preliminary application is before the court on bill, answer and affidavits. It has been argued orally, and voluminous briefs have been submitted by counsel. The defendant company is not insolvent; and in the opinion of the defendant its business affairs are being managed properly in accordance with the best judgment of those who are in charge of its activities. The complainant, however, representing minority interests in the corporation seeks to justify the relief sought on the grounds of mismanagement of the corporate affairs of those in charge of them; and the conducting of those affairs at great loss, and in a way prejudicial to the interests of those creditors and stockholders; so that the business cannot be conducted with advantage to the stockholders and safety to the public.
The situation presented by the pleadings and affidavits on this preliminary application is intricate and involved. The gist of it, however, appears to be, that complainant asserts with considerable force that the mismanagement and misconduct of the affairs of the corporation are present; while the defendant asserts with equal force, that such is not the case. Defendant contends that the question involved is solely one of sound business judgment on the part of those who are charged with the management of the affairs of the corporation; and that, regardless of whether or not profits are shown to accrue during a long continued period of depression in the business in which the corporation is engaged, its affairs have steadily improved during that period of depression; and its assets have increased in value to the extent *Page 240 
of several millions of dollars, notwithstanding the necessity of making large expenditures to keep the mines of the company in a working condition, and to protect and preserve its mining equipment. It justifies the business policy pursued in this respect as being in accord with the best business judgment of those in charge of its affairs; and contends that it would be practically suicidal to the best interests of the corporation if the relief prayed for by the complainant is granted.
A somewhat similar application was made by the complainant, although not necessarily involving the appointment of a receiver, about seven years ago; and this court there held that the questions involved resolved themselves into "a purely business and economic problem, to be determined by the directors, and not by the court; and the judgment of the majority must prevail in the absence of bad faith or abuse of power;" and the restraint upon the corporate action there prayed for was denied. FarmersLoan and Trust Co. v. Hewitt, 94 N.J. Eq. 65; affirmed, Ibid.187.
Complainant, in the present application, urges that the relief now sought should be granted because of the long lapse of time intervening since the previous application, during which no improvement in the affairs of the corporation has been shown; and during which the minority interests have received no financial benefits from the administration of its affairs.
However that may be, and whatever may be shown to be the actual situation upon final hearing, in the face of the previous adjudications of this court, and of the court of errors and appeals, I am disinclined to appoint a receiver, or to enjoin the management of its business affairs on this preliminary application.
I will, therefore, advise a decree discharging the rule to show cause, and dissolving the ad interim restraint.
The terms of the decree may be settled upon due notice by respective counsel. *Page 241